**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIJANA SHESTOPAL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-8980 |
| v. | ) ) | Hon. William T. Hart |
| FOLLETT HIGHER EDUCATION GROUP, INC., an Illinois corporation, | ) ) ) ) | Hon. Jeffrey Cole |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

Upon consideration of Plaintiff's Motion For Preliminary Approval Of Class Action Settlement (the "Motion"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.  Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Class Action Settlement Agreement ("Agreement"), attached to the Motion as Exhibit 1.

2.  Except as provided, the Court preliminarily approves the Agreement subject to the Final Approval Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement"). The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiff's Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion

to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of *Lijana Shestopal v. Follett Higher Education Group, Inc.*, Case No. 1:15-cv-8980 (the "Litigation") and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

Paragraph 2.1 (d) of the Settlement Agreement is amended to provide that any *cy pres* selections will be made by the Court. The parties may make recommendations only.

3. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> all individuals in the United States to whose wireless telephones Defendant, it affiliates, subsidiaries, or someone on one of their behalf, sent a non-emergency text message through the use of automatic telephone dialing system, from October 9, 2011, up to and including December 24, 2015.

4. The Court recognizes that Defendant Failed Higher Education Group, Inc. ("Defendant") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves all of its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

5. For settlement purposes only, the Court preliminarily appoints Plaintiff Lijana Shestopal ("Plaintiff") as representative of the Settlement Class.

6. For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

> Joseph J. Siprut
> **SIPRUT PC**
> 17 North State Street

Suite 1600
Chicago, Illinois  60602

7.     The Court appoints Kurtzman Carson Consultants, LLC as the Settlement Administrator. The Settlement Administrator.  Within thirty (30) days of this Order, Defendant shall transfer the $3,500,000 Settlement Fund into an interest-bearing escrow account at MB Financial established by Class Counsel, but maintained and controlled by the Settlement Administrator in trust for the benefit of the Settlement Class.

8.     The Settlement Administrator shall provide the court with an estimate of its total charges and expenses within 14 days of the date of this order.

9.     Notice shall be provided to the Settlement Class within forty-five (45) days after entry of this Order (the "Notice Date"). Notice shall be in a form substantially the same as the Notice Plan provided in the Agreement, including any modification thereto.

10.     The Court finds that the Notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Settlement Class. The Notice is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation; (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (c) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (d) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the notices are

written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Motion as Exhibit 1-A. Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked or submitted online no later than sixty (60) days after the Notice Date (the "Claim Deadline"). Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

12.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than sixty (60) days after the Notice is first transmitted to the Settlement Class (the "Exclusion/Objection Deadline"). The opt-out request must (a) identify the member of the Settlement Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement.  The Settlement Administrator shall compile a list of all members of the

Settlement Class who properly and timely submit an opt-out request (the "Exclusion List").

13.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

14.     The Settlement Administrator shall provide the Exclusion List to Class Counsel and Defendant's Counsel no later than fourteen (14) days after the Exclusion/Objection Deadline, and shall file the Exclusion List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than seven (7) days before the Final Approval Hearing.  The Settlement Administrator shall also provide to the Court and the parties an estimate of the amount to be paid to each claimant within (14) days prior to the final approval hearing.  No disbursements or payments shall be made prior to approval by the Court.

15.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award may file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Exclusion/Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information: (a) A caption or title that identifies it as "Objection to Class Settlement in *Lijana Shestopal v. Failed*

*Higher Education Group, Inc.* (Case No. 15-cv-8980);" (b) the objector's full name, address, email address, telephone number, and his or her counsel's name, address, email address, and telephone number; (c) a written statement detailing each objection, the facts supporting them, the legal basis on which they are based, and the relief requested; and (d) a written statement detailing whether he or she intends to appear at the Final Approval Hearing, either with or without counsel. Any objections must be appropriately filed with the Court no later than the Exclusion/Objection Deadline, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Exclusion/Objection Deadline.

> Clerk of Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois 60604
> Attention: "*Lijana Shestopal v. Failed Higher Education Group, Inc.*; Case No. 15-cv-8980"

A copy of the objection, postmarked no later than the Exclusion/Objection Deadline, must also be mailed to the Settlement Administrator at the post office box established by the Settlement Arbitration.

16. Unless allowed by the Court, no person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement;

(b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

17.    The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition of any Settlement Class Member who objects to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement (or any witness identified in the written objection or notice of appearance) prior to the Final Approval Hearing. If the objecting Settlement Class Member fails to appear for any such deposition ordered by the Court, the objection will not be considered by the Court. If any witness fails to appear for deposition, that witness's testimony will not be considered by the Court. Any Settlement Class Member who fails to comply with the orders of the Court or the provisions of the Agreement regarding objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in this Litigation.

18.    Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Exclusion/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

19.    A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the

proposed Settlement is fair, reasonable and adequate (the "Final Approval Hearing") shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 2525, commencing on March 23, 2017, at 2:00 p.m.

20.  The Court may reschedule the Final Approval Hearing without further written notice. If the Final Approval Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket.

21.  Papers in support of the final approval of the Settlement shall be filed with the Court no later than seven (7) days before the Final Approval Hearing, and shall include: (a) responses to objections; (b) a declaration from the Settlement Administrator attesting to completion of Notice and the number and identity of Settlement Class Members who filed requests to be excluded from the Settlement and objections to the Settlement.

22.  An application of Class Counsel for an award of fees, expenses, and Plaintiff's incentive award shall be filed with the Court no later than fourteen (14) days before the Exclusion/Objection Deadline.  The application shall include a showing of hours, hourly rates, and expenses.

23.  All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

24.  Defendant shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7)

days before the Final Approval Hearing. The Court finds that Defendant may satisfy the notice requirements of CAFA by delivering an appropriate notice of this Settlement to the United States Attorney General and the Attorneys General of the 50 states.

25.   This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement; or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.   In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

26.   Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.   This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

27.   The terms and provisions of the Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to the Settlement

Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated:  OCTOBER  6, 2016