IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIJANA SHESTOPAL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 15-cv-8980 |
| v. | ) ) Hon. William T. Hart |
| FOLLETT HIGHER EDUCATION GROUP, INC., an Illinois corporation, | ) ) Hon. Jeffrey Cole ) ) |
| Defendant. | ) |

**ORDER GRANTING**
<u>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

On November 17, 2016, this Court this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Lijana Shestopal ("Plaintiff"), on her own behalf and on behalf of the Settlement Class (as defined below), and Defendant Follett Higher Education Group, Inc. ("Defendant"), as memorialized by the Parties in the Class Action Settlement Agreement dated September 15, 2016 (the "Settlement Agreement").

On April 20, 2017, the Court held a Final Approval hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Motion For Final Approval Of Class Action Settlement, and all other evidence submitted, the Court hereby finds and orders as follows:

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in this case (the "Litigation").

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are forever bound by this Order Granting Final Approval Of Class Action Settlement.

4. KCC Class Action Services, LLC, located at 3301 Kerner Blvd., San Rafael, California 94901, shall be the Settlement Administrator.

**Class Certification**

5. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals in the United States to whose wireless telephones Defendant, its affiliates, subsidiaries, or an agent or contractor on one of their behalves, sent a non-emergency text message through the use of automatic telephone dialing system, from October 9, 2011, up to and including December 24, 2015.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Siprut PC is adequate

class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.  Plaintiff Lijana Shestopal is designated as representative of the Settlement Class.

8.  Siprut PC is appointed as Class Counsel.

**Class Notice**

9.  The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. On November 21, 2016, the Settlement Administrator sent notice via email to the Class. On December 5, 2016, the Settlement Administrator sent notice via U.S. mail to those Class Members whose email addresses were not available. On December 16, 2016, the Settlement Administrator sent notice via U.S. mail to those Class Members whose emailed notice were not successfully delivered. In addition, the Settlement Administrator caused a one-third page Summary Notice to appear in the November 21, 2016 issue of *People* magazine, and caused 5,023,944 internet banner impressions on a variety of websites between October 21, 2016 through December 6, 2016. Finally, on October 18, 2016, the Settlement Administrator established a toll-free telephone number and the website www.FollettTCPASettlement.com, and which provided relevant information and documents regarding the Settlement.

11. Class members were able to submit claims by mail or through the website, with a claim deadline of February 3, 2017. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the

circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 18,015 valid and timely claim forms were submitted. The Court approves these claims.

**Objections and Opt-Outs**

12. No objections were filed by Class Members.

13. 36 Class Members requested to be excluded from the Settlement Agreement. These Class Members are:

| | |
|---|---|
| Kiana Alexander | Claim ID 10358184401 |
| Joseph Aumuller | Claim ID 10396943301 |
| Sarah Brunkhorst | Claim ID 10510705001 |
| Thomas Derrick | Claim ID 11709152201 |
| Alyssa Geiger | Claim ID 10827504801 |
| Mary Heath | Claim ID 10926274801 |
| Nicholas Hesch | Claim ID 10943754801 |
| Jill Holder | Claim ID 10960280801 |
| Jake Isherwood | Claim ID 10994893201 |
| Emily Kalbac | Claim ID 11043509601 |
| Sarah Kiefer | Claim ID 11093887201 |
| Delaney Kuehnel | Claim ID 11176263701 |
| Claudia Mack | Claim ID 11262044901 |
| Angelique Meth | Claim ID 11262044901 |
| Rachael Myers | Claim ID 11263735801 |
| Caitlin Morris | Claim ID 11302619501 |
| Angela Murillo | Claim ID 11315634001 |
| Janice Murray | Claim ID 11318398701 |
| Stevi Parker | Claim ID 11390461701 |
| Nelly Parra Auquilla | Claim ID 11391907401 |
| Denise Peters | Claim ID 11416421601 |
| Julie Peters | Claim ID 11416576201 |
| Laura Pianka | Claim ID 11424744401 |
| Rubi Reyes | Claim ID 11486424001 |
| Joseph Rooney | Claim ID 11526155201 |
| Tiffany Salazar | Claim ID 11549677401 |
| Simranpreet Salh | Claim ID 11550830201 |
| Andrew Sherwood | Claim ID 11603337001 |
| Zinnea Smith | Claim ID 11637374001 |
| Sean Uber | Claim ID 11745510601 |
| Hillary Wassel | Claim ID 11795167501 |

| | |
|---|---|
| Kartina Weirup | Claim ID 11047945201 |
| Jenna Wenczkowski | Claim ID 11807327801 |
| Dawn Zavesky (Cikulin) | Claim ID 10589013301 |
| Danielle Zelinski | Claim ID 11872627401 |
| Difei Zhang | Claim ID 11873773901 |

**Notice and Administrative Expenses**

14. The Settlement Administrator, KCC Class Action Services, LLC, shall receive a payment to be paid from the Settlement Fund, for its providing of notice to the class members, administration of the settlement, and sending of payments to the class members who submitted valid claim forms. This payment shall be in an amount not to exceed $499,887.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel 30% of the Settlement Fund after deduction of settlement administration expenses and Plaintiff's incentive award, in the amount of $899,133.90, plus $8,531.38 in litigation costs, for a total of $907,665.28.

16. The Court grants Class Counsel's request for an incentive award to the class representative and awards $3,000 to Plaintiff Lijana Shestopal. The Court finds that this payment is justified by the Plaintiff's service to the Settlement Class as the class representative. This payment shall be made from the Settlement Fund.

**Cy Pres**

17. The Court awards 5% of the Settlement Fund, after deduction of settlement administration expenses and Plaintiff's incentive award, in the amount of $149,855.65, as a *cy pres* award to be distributed as ordered by the court (the "Cy Pres Fund"). Within thirty (30) days of the date of this Order, Class Counsel shall distribute a letter to all law schools in the Chicago area inviting application for a share of the Cy Pres Fund. Within fourteen (14) days following the

last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will transfer to the Cy Pres Fund. Within thirty (30) days following the last void date of the Settlement Class members' checks, the Parties shall submit to the Court a list of law schools that have applied for the Cy Pres Fund. No *cy pres* distributions shall be made without Court approval.

**Class Compensation**

18.  In accordance with the terms of the Settlement Agreement, Defendant has provided a total of $3,500,000 to create a Settlement Fund. After deduction of notice and administrative expenses ($499,887), Plaintiff's incentive award ($3,000), Class Counsel's attorneys' fees and out-of-pocket litigation costs ($907,665.28), and the *cy pres* award to be distributed to law schools in the Chicago area ($149,855.65), each of the 18,015 approved claiming Settlement Class Members shall receive an equal share (the "Class Fund"). No portion of the Settlement Fund shall revert back to Defendant. As soon as practicable following the issuance of this Order, the Settlement Administrator shall distribute the Class Fund *pro rata* to the approved claiming Settlement Class Members. If any checks to Settlement Class Members remain uncashed for ninety (90) days after the date of issuance, the check will be void.

**Releases**

19.  Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

**Other Provisions**

20.  The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

21. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval Of Class Action Settlement, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Granting Final Approval Of Class Action Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendant or the Settlement Class Members.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The Clerk of the court shall enter judgment dismissing this action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein) against Plaintiff and all Settlement Class Members, and adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

-8-

2. Plaintiff and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

ENTER:

*[signature: William T. Hart]*

_____
UNITED STATES DISTRICT JUDGE

Dated: MAY 3, 2017